# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

| | |
|---|---|
| Dustin Carpenter,<br>*Plaintiff*<br><br>vs.<br><br>Trans Union LLC, Equifax Information Services LLC, Experian Information Services LLC, Barclays Bank Delaware<br>*Defendants* | **COMPLAINT** |

Plaintiff, by and through his attorneys, for his complaint against Defendants upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. The following case highlights a broken collection system that leaves consumers with little to no power to combat blatantly false debts that cripple them from utilizing the credit system. Defendant Barclays Bank Delaware ("Barclays") furnished false information to the major credit reporting agencies that Plaintiff owes a nonexistent debt incurred from known fraudulent use of a credit card resulting in significant damage to Plaintiff's credit rating. Stated otherwise, Defendants have intentionally revictimized Plaintiff by harming his ability to participate in the credit markets. Even after Mr. Carpenter overcame the procedural hurdle of disputing this information with the CRAs[1], with one exception the CRAs incredibly ignored his requests entirely and their obligations under federal law. Equifax Information Services LLC ("Equifax") was the only CRA to even

---

[1] The FCRA removed a consumer's ability to take action for defamation under state law. This effectively allows for CRAs to defame individuals with regard to allegations they have not paid debts. The law created procedural hurdles that must be cleared (namely a pre-litigation dispute process) prior to initiating litigation.

3

respond to Plaintiff's FCRA dispute, however the CRA confirmed the information as correct- which it is not.

As a direct result of Defendants' actions, Plaintiff's credit score has been unlawfully decimated making it impossible for him to utilize any aspect of the credit system. This has affected his ability to buy a home, rent an apartment, purchase a car, or to even get a cellular phone. To say defendants have meddled in every aspect of Plaintiff's life is an understatement.

Worst yet, Defendants have repeatedly re-aged the false debt in an effort to circumvent Fair Credit Reporting Act protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

## STATEMENT OF JURISDICTION AND VENUE

2.  This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01: This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

3.  Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

4.  Plaintiff is an adult resident of Hennepin, Minnesota.

5.  Defendant Barclays Bank Delaware is a state chartered banks which is not member of the Federal Reserve System and is regulated by the Federal Deposit Insurance Corporation and the consumer financial protection bureau.

6.  Barclays Bank Delaware is not registered with the State of Minnesota and has no known registered office address in the State of Minnesota.

4

7. Equifax is a nationally recognized consumer reporting agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

8. Trans Union LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

9. Experian Information Services LLC ("Experian") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

## FACTS

11. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by § 1681a(c).

12. The Defendants Equifax, Trans Union, and Experian ("the CRAs") are a consumer reporting agencies ("CRAs") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

13. The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information, including that Plaintiff was responsible for thousands of dollars in debt.

14. Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

5

15. The direct result of the CRAs issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to his ability to borrow money, conduct commerce, and function within modern society.

16. Specifically, the CRAs false reports have, to date, prevented Plaintiff from obtaining a home loan and purchasing his dream home.

17. As a direct result of the CRAs' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving his social and economic position.

18. In April of 2021 Plaintiff noticed a tradeline on his credit report indicating he owed a debt of $3,853.00 to Barclays Bank Delaware: In fact, Plaintiff previously paid or caused to be paid the card in question in full and the only charges on the account are due to fraud incurred after Barclays refused to close the account after Plaintiff's request.

19. The reporting of the account including the various reported delinquencies and corresponding payment dates are internally inconsistent making the reporting obviously flawed on its face.

20. Plaintiff promptly disputed the alleged debt with the CRAs highlighting the nonsensical nature of the reporting.

21. Specifically, Plaintiff sent all Defendants such notices via certified mail on or about April 9, 2021.

22. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

23. Equifax was the only Defendant to make any response to Plaintiff.

6

24. Equifax stated it had investigated the disputed information and confirmed that Mr. Carpenter was responsible for the debt.

25. Based on this, Plaintiff alleges that his dispute information was communicated from the CRAs to Barclays and that Barclays verified the information as accurate.

26. Trans Union and Experian both failed to respond to Mr. Carpenter's dispute yet failed to delete the information as required by law.

27. In fact, according to mailing records complied by counsel's staff, Trans Union has consistently failed to retrieve mail from its post office box, showing a particularly cavalier attitude to discharging its duties under the FCRA.

28. Barclays similarly updated the account in question to reflect that the account was active in 2020 thereby attempting to circumvent Fair Credit Reporting Act (15 U.S.C. §1681c) protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

29. By failing to reasonably investigate and correct the false information it reported to the CRAs about Plaintiff after notice of the errors as transmitted by and though the CRAs, Barclays violated Section 623 of the FCRA, 15 U.S.C. § 1681s-2.

30. Despite the plainly false nature of the Alleged Debt it remains on Plaintiff's credit report.

31. The direct result of Defendants false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit card.

32. As a result of Defendant Barclays conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

7

33.     Similarly, as a further result of Defendants' systematic failure to fulfill their statutory duties as CRAs and furnishers, Plaintiff suffered personal financial loss and loss of standing in the community.

34.     Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

35. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or his report and that procedures exist to assure outdated information is not contained on consumer reports.

36. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

37. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

38. If after any reinvestigation an item is found to be inaccurate or cannot be verified, the CRA must promptly delete that item from the file of the consumer.

39. Furnishers of information to CRAs must also comply with certain aspects of the Act. Section 623 of the FCRA, 15 U.S.C. § 1681s-2, addresses the duties of persons who furnish information to the CRAs. This section of the Act prohibits a furnisher from reporting any information to a CRA if the person knows or has reasonable cause to believe that the information is inaccurate.

8

40. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT
### Willful Noncompliance with the FCRA
(Against All Parties)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

    a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

    b. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

    c. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

43. Additionally, Trans Union and Experian both willfully failed to comply with the requirements of FCRA, including but not limited to:

    d. Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the results of its investigation.

44. Barclays similarly willfully failed to comply with the requirements of the FCRA, including but not limited to:

    a. failing to comply with the requirements of Section 623 including a) reporting information with actual knowledge of errors and b) continuing to report false

9

information after notice from the consumer that the information was false and outdated.

45. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT
### Negligent Noncompliance with the FCRA
(Against All Defendants)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The CRAs negligently failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

   c. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

48. Additionally, Trans Union and Equifax both willfully failed to comply with the requirements of FCRA, including but not limited to:

   e. Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the results of its investigation.

10

49. Barclays similarly willfully failed to comply with the requirements of the FCRA, including but not limited to:

    b. failing to comply with the requirements of Section 623 including a) reporting information with actual knowledge of errors and b) continuing to report false information after notice from the consumer that the information was false and outdated.

50. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems for which, Plaintiff seeks damages in an amount to be determined by the jury.

## Jury Demand

51. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. statutory damages in an amount up to $1,000.00 per violation, pursuant to 15 U.S.C. §1681n;

   c. Injunctive relief prohibiting such conduct in the future;

   d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

   e. Any other relief deemed appropriate by this Honorable Court.

Dated: July 11, 2021         **MINNESOTA LEGAL ASSISTANCE**

                             s/ David J.S. Madgett

David J.S. Madgett (#0390494)
1161 E. Wayzata Blvd. #314
Wayzata MN 55391
(612) 470-6529
dmadgett@mnlegalassistance.com

ATTORNEY FOR PLAINTIFF